UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RONNIE BRAWNER,<br><br>Plaintiff,<br>v.<br><br>RAD TALBERT and DENNIS COX,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>Case No. 1:26-cv-00290-SNLJ |

**MEMORANDUM AND ORDER**

Plaintiff Ronnie Brawner, a self-represented litigant, filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983. This matter is now before the Court on plaintiff's Application to Proceed in District Court Without Paying Fees or Costs (*in forma pauperis*) and for review of the Complaint. For the reasons stated below, the Court will deny the request to proceed *in forma pauperis* and dismiss the Complaint.

**I. Filing Fee**

Congress requires federal courts to collect a filing fee from any party instituting a civil action, suit, or proceeding. 28 U.S.C. § 1914(a). Courts may waive prepayment of this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). A prisoner may seek leave to proceed *in forma pauperis* and, if eligible, may proceed without prepaying the filing fee, making payments instead. 28 U.S.C. § 1915(b)(1).

Although plaintiff filed a request to proceed *in forma pauperis*, he did not provide the information necessary for the Court to determine whether he may do so. [Doc. 2]. Further, plaintiff's detention status is unclear. He filed his lawsuit using a Prisoner Civil

Rights Complaint form, states that he is detained at the Ripley County Detention Center, and refers to "inmate" witnesses. However, he also states that he is a civilly committed detainee. Certain procedures under § 1915 that apply to prisoners do not apply to civilly committed detainees. For these reasons, the request to proceed *in forma pauperis* must be denied.

Plaintiff must either pay the $405 filing fee in full or submit a **completed** Application to Proceed in District Court Without Paying Fees or Costs. If plaintiff is a pretrial detainee or inmate, he must submit a statement of his account from the institution where he has been detained for the last six months. If he is a pretrial detainee and has been detained for less than six months, he must submit his account information from the date of his detention at that institution.

## II. The Complaint

When reviewing a complaint filed by a self-represented person, the Court accepts the well-pleaded facts as true. *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984). Although *pro* se complaints are liberally construed, they must still contain sufficient facts to support the claims advanced, and the court will not assume facts not alleged. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Plaintiff has provided limited information regarding his claim. [Doc. 1]. He alleges he has been subjected to "cruel and unusual punishment" because a toilet has been nonfunctional for more than thirty days and because he has been required to lift fifty pounds of water despite a hernia-related lifting restriction. [*Id*. at p. 4]. He filed this lawsuit against the Sheriff of Ripley County and the Mayor of Doniphan, Missouri. [*Id.*

at pp. 2-3]. He has not provided sufficient factual allegations to support a claim under § 1983 against the defendants.

The essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). In that regard, a plaintiff must ***specify each defendant's role*** so that each defendant is put on notice of what they are accused of doing. *Id.* (emphasis added). "A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." *Boggs v. Am. Optical Co*., 4:14-cv-1434-CEJ, 2015 WL 300509, at *2 (E.D. Mo. Jan. 22, 2015).

In addition to the notice requirement, a plaintiff bringing a § 1983 claim must allege that a defendant, through their own actions, violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). It is not sufficient for a plaintiff to make broad allegations of misconduct not attributed to any defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of defendants named in the complaint where there were no allegations of their personal involvement in the alleged constitutional violations). When multiple defendants are involved, the plaintiff must specify each defendant's role in the alleged harm. Each defendant's conduct must be evaluated separately, and there must be "a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d

1203, 1208 (8th Cir. 1990).

Because the Complaint fails to allege the defendants' personal involvement in the alleged misconduct, it fails to state a claim for relief that is plausible on its face. The Complaint will, therefore, be dismissed. However, the Court will grant plaintiff leave to file an amended complaint within 21 days. If plaintiff files an amended complaint, he must include sufficient ***factual*** allegations against each defendant to show what the defendant did or failed to do that violated his constitutional rights. Additionally, plaintiff must provide information as to his status as a pretrial detainee, inmate, or civilly committed detainee.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Application to Proceed in District Court Without Paying Fees or Costs [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Complaint is **DISMISSED** without prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint within 21 days. **If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and failure to prosecute his claims.** Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that if plaintiff files an amended complaint, he must either pay the $405 filing fee in full or submit a completed Application to Proceed in District Court Without Paying Fees or Costs. If plaintiff is a pretrial detainee or

inmate, he must submit a statement of his account from the institution where he has been detained for the past six months. If he is a pretrial detainee and has been detained for less than six months, he must submit his account information from the date of his detention at that institution. **Failure to comply will result in dismissal**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a Prisoner Civil Rights Complaint form, an Application to Proceed in District Court Without Paying Fees or Costs form, and a copy of this Order.

**SO ORDERED** this 24th day of November, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE